IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

REY J. SOTO-LOPEZ,

    Plaintiff,

vs.

EILEEN FARRAR, *et al*.

    Defendants.

Case No. 3:21-cv-00061-JMK

## ORDER OF DISMISSAL

Rey J. Soto-Lopez,[1] representing himself from Anchorage Correctional Complex West, filed a Civil Rights Complaint under 42 U.S.C. § 1983, a Prisoner's Application to Waive Prepayment of the Filing Fee under 28 U.S.C. § 1915, and a Motion for Appointment of Counsel.[2] As Defendants, Mr. Soto-Lopez names Parole/Probation Officer Eileen Farrar; Alaska State Trooper Trevor Howard; and ASAP Towing, Inc., driver Ira Beck.[3] Mr. Soto-Lopez claims that he was granted discretionary parole after serving 17½ years for a state murder conviction, but that the State filed a petition to revoke his parole 23 months later

---

[1] plaintiff is known by the surname Soto as well as Soto-Lopez, and other courts' records refer to plaintiff by the surname "Soto." Here, the Court refers to Plaintiff by the last name on his complaint, "Soto-Lopez," unless quoted from elsewhere.

[2] Dockets 1; 3; 4; 5.

[3] Docket 1 at 1–2; Docket 1-1 at 2–3.

as a result of the unconstitutional actions of the Defendants after he was stopped for speeding by an Alaska State Trooper.[4]

The Court takes judicial notice[5] that Mr. Soto-Lopez's parole has been revoked, his criminal case is closed, and that he has filed a state petition for post-conviction relief.[6]

For relief in this case, Mr. Soto-Lopez seeks declaratory judgments stating that Defendants violated Mr. Soto-Lopez's constitutional rights, and to "remove all allegations from Soto's file regarding this incident[;]" an injunction stopping "unconstitutional searches of parolees without any probable cause or reasonable suspicion[;]" and an award of compensatory damages for a plethora of losses.[7]

---

[4] Docket 1-1 at 4–11.

[5] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, 868 F. Supp. 2d 983, 990 (E.D. Cal. 2012) ("Courts routinely take judicial notice of publicly available records . . . from other court proceedings.") (citing *Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1039 n. 2 (9th Cir. 2007) (additional citation omitted)); Fed. R. Evid. 201.

[6] *See* https://records.courts.alaska.gov/eaccess/search, *State of Alaska v. Rey J. Soto,* Alaska Superior Court Case No. 1JU-00-00106CR (found guilty of 2nd degree murder and 1st degree assault, 3/9/01), *affirmed*, *Soto v. State*, No. A-7993, 2002 WL 73626 (Alaska App. Jan. 23, 2002) (unpublished); petition to revoke probation in 1JU-00-00106CR, 4/2/19, and probation revoked 10/15/20; *In the Matter of Rey J. Soto*, 1JU-20-00603CI (4/1/20 application for post-conviction relief from 1JU-00-00106); *see also State of Alaska v. Rey Joel Soto Lopez*, 3KN-19-00818MO (speeding, 3/24/19; default judgment, 8/14/19).

[7] Docket 1-1 at 11–12.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner who seeks to waive prepayment of the filing fee. In this screening, the Court shall dismiss the case if it determines that the action:

- (i) is frivolous or malicious;
- (ii) fails to state a claim on which relief may be granted; or
- (iii) seeks monetary relief against a defendant who is immune from such relief.[8]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[10] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the

---

[8] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11]

## DISCUSSION

"Title 42 U.S.C. § 1983, provides a remedy for deprivations of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any [law] . . . of any State or Territory. . . .'"[12] This federal statute "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[13] Under § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[14]

However, a prisoner may not initially bring a claim that collaterally attacks his state court conviction or sentence under 42 U.S.C. § 1983. Where a § 1983 action alleges constitutional violations that would necessarily question or

---

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 924 (1982) (citing § 1983); *see also* U.S. Const. amend. XIV ("No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.").

[13] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[14] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

concern the validity of a state court conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[15]  This rule applies regardless of whether the prisoner seeks damages or injunctive relief, or who the target of the suit is,[16] "if success in that action would necessarily demonstrate the invalidity of confinement or its duration."[17]

Because Mr. Soto-Lopez challenges his confinement, *Heck v. Humphrey* bars his claims for relief.  This Court may only address Mr. Soto-Lopez's claim that his parole was revoked through the violation of his constitutional rights, after a successful court challenge to his parole revocation.

To challenge a conviction or sentence, or both, in federal court, one may file a habeas petition under 28 U.S.C. § 2254.  But first, a petitioner must either (A) exhaust "the remedies available in the courts of the State" or (B) show "there is an absence of available State corrective process; or circumstances exist

---

[15]  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

[16]  The State of Alaska, for instance, is immune from relief from suits under § 1983. *See Northern Ins. Co. of New York v. Chatham County, Ga.,* 547 U.S. 189, 193 (2006) ("States and arms of the State possess immunity from suits authorized by federal law."). However, regardless of anyone Mr. Soto-Lopez were to name as a defendant, this case must be dismissed, because neither his conviction or his sentence has been invalidated.

[17]  *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

that render such process ineffective to protect the rights of the applicant."[18] To satisfy the "fairly present" requirement, the petitioner actually must present his or her federal claim to "each appropriate state court (including a state supreme court with powers of discretionary review)," so that each court is alerted to the federal nature of the claim.[19] In Alaska, this means that a claim must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim should be raised to the Alaska Court of Appeals, and if the petitioner disagrees with that result, the claim should be raised in a petition for hearing to the Alaska Supreme Court. A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for every claim in the petition.[20] Mr. Soto-Lopez has only begun to exhaust his state court remedies with his 2020 state post-conviction petition.[21]

Therefore, **IT IS HEREBY ORDERED:**

1. This case is DISMISSED for failure to state a claim under § 1915(e)(2)(B).[22]

---

[18] 28 U.S.C. § 2254(b)(1).

[19] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)).

[20] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[21] *See In the Matter of Rey J. Soto*, 1JU-20-00603CI (4/1/20 application for post-conviction relief from 1JU-00-00106).

[22] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing

2. All outstanding motions are **DENIED** as moot.

3. Judgment shall be entered accordingly.

Dated at Anchorage, Alaska this 30th day of April, 2021.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury. After three strikes, Mr. Soto-Lopez will be unable to file lawsuits under in forma pauperis status, unless he demonstrates "imminent danger of serious physical injury." This dismissal does *not* constitute a strike under § 1915(g). *See Washington v. L.A. Sheriff's Dept.,* 833 F.3d 1048, 1057 (9th Cir. 2016).